ELIZABETH HARDIN et al.

*v.*

GEORGE LAWRENCE et al.

On a bill for partition of three separate tracts of land, the court has no power to order that a widow's dower therein be set off in one tract, and that the remainder of that tract, and also the other two tracts, be sold free and clear of the encumbrance of her dower.

On exceptions to master's report.

*Messrs. Roe & Shepherd,* for complainant.

BIRD, V. C.

In this case the bill was filed for the partition of three tracts of land. The master has reported that a partition cannot be made without great prejudice, and he recommends a sale of the lands, but says that, under all the circumstances of the case, the interest in dower of the widow of the ancestor should be excepted from the sale.

The counsel for the complainant excepts to the report so far as it recommends that the interest in dower be not sold. This exception was presented very informally, not being in writing; counsel for both parties agreeing, in the presence of the court, that the argument should proceed as though exceptions had been filed.

It is urged that the testimony shows that, under all the circumstances of the case, it will be better for all concerned to include the widow's dower in the sale, while the counsel for the widow insists that it will be for the interest of the widow to assign her dower in a certain particular form, not simply one-third of the whole three tracts, or one-third of each, but in one, that is, the homestead. He frankly admitted to the court, in the argument, that if she could not have her dower in the whole out of this particular tract, she does not want dower in the land at all, but would consent to a sale, and accept a sum in gross.

And I understood counsel to as frankly admit that the learned master made his report upon the understanding that the widow could thus be accommodated. The report itself does not show this fact. However, there is some testimony which indicates that the examination was conducted with that object in view.

Since these things are thus admitted I suppose it is the duty of the court to consider them as established, and to treat them accordingly. Then, ought the report to be confirmed, and a sale ordered? The decree would be that the lands mentioned in the bill be sold subject to the widow's right of dower. Where would that leave or place the widow? Precisely where she is now, with her right of dower, not in the homestead, but in each of three parcels of land; that must inevitably follow; nothing more, nothing less. As I understand the case, this she deprecates. The court in this proceeding, and at this time, cannot order the homestead, or any other parcel of land, to be set apart to the widow for dower. No, her interest attaches to every part and parcel alike (see *in matter of Ann Garrison, 2 McCart. 393,* and *Sip* v. *Lawback, 2 Harr. 442*); and if the sale be once made under these proceedings, according to the report, she can only have dower in the several parcels, unless one person should purchase all, which the court cannot presume. This is objected to on all sides. This defeats the condition on which the widow asks dower, viz., the assignment thereof in the homestead farm.

It must be remembered that this is not an application to this court to assign dower, but to make partition. The statute provides that in such case the interest in dower may be sold, or it may be excepted from such sale. *Rev. 1046* § *18.* The court has power to sell or not. The court cannot go a step beyond that, and say two of these tracts and a part of the third shall be sold free and clear of the encumbrance of dower, and that the balance shall not be sold at all.

This is no proceeding to admeasure dower, and to determine the respective rights of the parties interested. The law provides another method for that, and when such method is instituted, and the rules governing courts are applied thereto, it may appear

that the widow would be entitled to more or to less than the witness in the present case seems to consider fair.

It seems to me, taking the facts agreed upon in the argument, that so much of the master's report as recommends that the widow's interest in dower should be excepted from the sale, should be set aside, and that a decree should be made, directing the sale of the lands named in the bill of complaint, including the interest in dower of said widow. I shall so advise.